# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAM FREDERICK, JR.,

    Petitioner,

v.                                            CASE NO. 8:08-CV-2519-T-30TGW
                                                  CRIM. CASE NO. 8:02-CR-484-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## O R D E R

BEFORE the Court is Petitioner's "Pro Se Rule 60(b)(4) Motion Setting Forth a Defect which Seriously Affected the Integrity of the § 2255 Proceedings and Worked to prevent a Merits Determination of Petitioner's Actual Inocence [sic] Claim" (hereinafter "motion") (CV Dkt. 17) in which the Petitioner requests the Court reopen this action and address the merits of his claim of actual innocence of the Armed Career Criminal enhancement. Petitioner asserts that this Court failed to address his actual innocence claim which he claims he raised in Ground One of his § 2255 motion. Also before the Court is Petitioner's "Pro Se Motion for Status or in the Alternative a Motion for Ripeness" (CV Dkt. 18) in which Petitioner's essentially requests the Court to render a decision on his motion.

Initially, Petitioner did not raise an actual innocence claim in Ground One of his § 2255 motion. Instead, Ground One alleged that his conviction was obtained in violation of the Fifth and Sixth Amendments because he was improperly sentenced as an armed career offender (CV Dkt. 1 at pg. 4).

Moreover, this Court did specifically address Ground One in its order denying Petitioner's § 2255 motion in that it noted that Petitioner previously argued in his motions filed pursuant to 18 U.S.C. § 3582(c)(2) that he was improperly enhanced as an armed career offender, and those motions were denied (See CV Dkt. 3 at pg. 2; CR Dkt. 44). Thereafter, Petitioner unsuccessfully challenged his sentence as an armed career criminal before the Eleventh Circuit Court of Appeals in his appeal of the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence (See CV Dkt. 15). Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a § 2255 proceeding. *Davis v. United States*, 417 U.S. (1974); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's "Pro Se Rule 60(b)(4) Motion Setting Forth a Defect which Seriously Affected the Integrity of the § 2255 Proceedings and Worked to prevent a Merits Determination of Petitioner's Actual Inocence [sic] Claim" (CV Dkt. 17) is **DENIED**.

2. Petitioner's "Pro Se Motion for Status or in the Alternative a Motion for Ripeness" (CV Dkt. 18) is **DENIED** as moot.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
         Counsel of Record