# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAM FREDERICK, JR.,

    Petitioner,

v.                                        CASE NO. 8:08-CV-2519-T-30TGW
                                              CRIM. CASE NO. 8:02-CR-484-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

Petitioner has filed a Notice of Appeal (CV Dkt. 20) of this Court's October 5, 2009 decision denying his motion for reconsideration of the Court's February 2, 2009 order denying relief under 28 U.S.C. § 2255 (See CV Dkt. 19). The Court construes the Notice of Appeal as an application for a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (CV Dkt. 21), *see Edwards v. United States*, 114 F.3d

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

1083, 1084 (11th Cir. 1997).³ Petitioner also has filed a request for leave to proceed *in forma pauperis* (CV Dkt. 22)

The Court addressed Petitioner's § 2255 motion on the merits (See CV Dkt. 3). The Court denied Petitioner's motion for reconsideration because the Court had addressed all of Petitioner's claims in his § 2255 motion (See CV Dkt. 19). While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), "in cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims...a petitioner will be granted a certificate of appealability only if [he] makes *both* a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong[.]" *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006) (quotations and citations omitted) (emphasis in original). Petitioner has failed to make this threshold showing.⁴ Therefore, the Court finds a COA should be denied as to the order on Petitioner's motion for reconsideration.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's construed application for issuance of a certificate of appealability (CV Dkt. 21) is **DENIED**.

---

³"[A] certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a...[28 U.S.C.] § 2255 proceeding." *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006)(citations omitted).

⁴The Court notes that the Eleventh Circuit Court of Appeals previously denied Petitioner's application for a certificate of appealability from this Court's denial of his § 2255 motion because Petitioner failed to demonstrate that reasonable jurists would find debatable the merits of his underlying claims (See CV Dkt. 15).

2. Petitioner's motion for leave to proceed on appeal *in forma pauperis* (CV Dkt. 22) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 12, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner *pro se*
Counsel of Record